UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:19-cv-00035-EBA

RICKY DARRYL BARNETT,                                                    PLAINTIFF,


V.                          **MEMORANDUM OPINION AND ORDER**


ANDREW SAUL,
Commissioner of Social Security,                                        DEFENDANT.

*** *** *** ***

This matter is before the Court on a motion by Plaintiff's counsel for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) and based on a contingency fee agreement between Plaintiff and his attorneys. [R. 19]. Plaintiff's counsel moves the Court to do the following:

1. Award attorneys' fees in the amount of $24,056.75 pursuant to 42 U.S.C. § 406(b); or, in the alternative,

2. Award no less than the *per se* reasonable attorneys' fee of $11,150.00;

3. Direct that, upon any award of attorneys' fees, Plaintiff's attorneys be directed to refund to Plaintiff EAJA fees of $2,787.50 previously awarded; and

4. Order such relief as the Court deems just and proper.

Plaintiff's counsel additionally filed an accompanying memorandum in support of the requested award, in which they assert that Plaintiff's case took 22.3 hours of work. Counsel's request for $24,056.75 represents 25 percent (25%) of the Plaintiff claimant's past-due benefits awarded by the Social Security Administration. Thus, counsel seeks an award of $1,078.78 per hour. While the Social Security Commissioner asserts that the requested

amount is large given the hours expended, he takes no position on the motion. [*See* R. 20].

For the foregoing reasons, Plaintiff's motion [R. 19] is granted in part and denied in part.

<u>Facts and Procedural History</u>

Plaintiff Ricky Darryl Barnett—and by extension his legal counsel—has a long and storied history with the Social Security Administration. Barnett first filed an application for a period of disability and disability insurance benefits in 2015, with an alleged onset date reaching back to 2012. [R. 19-1 at p. 1]. Barnett's claims were initially denied, but upon reconsideration he was granted a hearing before an administrative law judge in early 2018. [*Id*.]. Later in 2018, the ALJ also denied Barnett's claim. [*Id*. at p. 2]. Barnett then appealed that decision to the Appeals Council, where he again received an unfavorable ruling. [*Id*.]. Barnett appealed to this Court in April 2019, and after the Commissioner's motion for remand went unopposed, the case was remanded. [*Id*.]. On remand to the Agency, Barnett finally received a favorable decision. In September of 2020, an ALJ entered a fully favorable decision for Barnett, awarding him a regular amount going forward *and* past-due benefits of $96,227.00. [*See* R. 19-2].

As to fees, Plaintiff and Defendant initially entered into a Joint Stipulation for Award of Attorneys' Fees pursuant to the Equal Access to Justice Act (EAJA) in October 2020. This Court subsequently granted the motion, awarding $2,787.50 in attorneys' fees and $37.50 in expenses. [R. 18]. The EAJA sets a ceiling for attorney's fees at $125 per hour, which may be adjusted for cost of living increases or a "special factor." 28 U.S.C. § 2412(d)(2)(A). The amount in the Joint Stipulation here represents 22.3 attorney hours of work performed at that statutory maximum. Due to the complexity and nature of the instant case, their experience and knowledge in this field, and the relatively rare rate of success with

Social Security cases in federal court, Plaintiff's counsel now seeks an alternative fee award

pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel submits, in support of their motion, a

contingency agreement entered into between Plaintiff and his attorneys. [R. 19-4]. In the

agreement, Plaintiff approved of a twenty-five percent (25%) contingency fee arrangement

pursuant to 42 U.S.C. § 406(b). [*Id.*].

Standard

> "Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court
> may determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits
> to which the claimant is entitled by reason of such judgment."

42 U.S.C. § 406(b)(1)(A). ". . . § 406(b) does not displace contingent-fee agreements as the

primary means by which fees are set for successfully representing Social Security benefits

claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "§ 406(b) calls for court

review of such arrangements as an independent check, to assure that they yield reasonable

results in particular cases." *Id.* Where a plaintiff is awarded attorney's fees under the EAJA,

plaintiff's attorney must refund the lesser of the two fees to plaintiff. *See Id.* at 796.

Courts afford a rebuttable presumption of reasonableness to contingency fee

agreements that are consistent with § 406(b). *Hayes v. Sec'y of Health Human Servs.*, 923 F.2d

418, 421 (6th Cir. 1990); *Rodriguez v. Bowen*, 865 F. 2d 739, 746 (6th Cir. 1989) (en banc).

However, the Court may deduct from the fee amount identified in the agreement if (1) there

is evidence of improper conduct on the part of counsel or (2) counsel would "otherwise

enjoy a windfall because of either an inordinately large benefit award or from minimal effort

expended." *Rodriguez*, 865 F.2d at 746. "Within the 25 percent boundary . . . the attorney for

the successful claimant must show that the fee sought is reasonable for the services

rendered." *Gisbrecht*, 535 U.S. at 796.

Analysis

Plaintiff's counsel, in their motion, argue that the existing contingency fee agreement

[R. 19-4] is reasonable and proper as it does not exceed the twenty-five percent (25%) ceiling

created under § 406(b). [R. 19-1 at p. 4]. As it relates to federal appeals, the fee agreement

reads in relevant part, "For appeals into federal court that result in a favorable

determination or decision, I agree that my representatives should be paid a fee equal to

twenty-five (25%) of the past due benefits resulting from my claim(s)". [R. 19-4 at p. 2]. The

fee term in the agreement does not exceed 25% of the total amount of past due benefits

payable to the plaintiff, thus it is proper under U.S.C. § 406(b)(1)(A).

The Court must consider the timeliness of the motion for attorney fees for

jurisdictional purposes. Counsel initially asserted that their motion for fees was timely filed

pursuant to Local Rule 83.11(d). [R. 19-1 at p. 4]. "Claimant's counsel may petition for

attorney's fees, awardable under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), and

any other applicable statute permitting an award of attorney's fees in such cases, within 30

days of a *final favorable decision* for claimant." Joint Ky. Civ. Prac. R. 83.11(d) (emphasis

added). An administrative law judge entered a favorable judgment for the Plaintiff on

September 9, 2020. [R. 19-2]. However, counsel relies on precedent that says litigants are

unable to seek attorneys' fees under § 406(b) until the Social Security Administration issues

its Notice of Award detailing past-due benefits owed. *Amburgey v. Colvin*, No. 5:08-cv-335-

DCR, 2016 WL 2859611, at *2 (E.D.Ky. May 16, 2016).  Here, Plaintiff was noticed of his

award on October 7, 2020. [R. 19-3]. Pursuant to the Local Rules, Plaintiff's counsel, in

turn, had thirty (30) days from that date to seek attorneys' fees under § 406(b). The instant motion was filed twenty-nine (29) days later on November 5, 2020.

The Court in *Amburgey* further noted, however, that § 406(b) is governed by Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure, which requires a filing of the fee motion within fourteen (14) days of entry of judgment. *Id.* at *2. Thus, by the *Amburgey* standard, counsel's motion would have fallen outside of a fourteen (14) day filing requirement. In order to ensure that the Court had jurisdiction to consider the motion, Counsel was ordered to file additional briefing addressing the matter. [R. 21]. Counsel responded and outlined several reasons why the Court has jurisdiction. [*See* R. 22]. Most significantly, Counsel cites an exception in the text of Rule 54(d)(2)(B) that states the rule controls unless "[u]nless a statute or a court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B). Given that the Local Rules in this district are implemented through and amended by court order, they fall under the exception in 54(d)(2)(B). *See* Joint General Order 2018-02. Thus, the thirty (30) day filing deadline in the local rules controls and counsel's motion is timely. It follows that the Court has jurisdiction to consider the motion.

Finally, counsel's motion argues that, for several reasons, the award of the entire twenty-five percent (25%) is reasonable and is not a windfall. [R. 19-1 at p. 5]. First, counsel asserts that the risk involved in taking cases on contingency agreements—particularly Social Security cases—is great enough to warrant a sizable award. Counsel cites scholarly research that finds claimants in Social Security cases have about a fifty percent (50%) chance of success in federal district court. [*See* R. 19-5 at p. 3]. Further, they assert the tedious work required to successfully shepherd this type of case through the full process warrants a substantial award. Counsel argues that this calculus of high risk and potentially low reward

has created a dearth of practitioners willing to do this kind of work. [R. 19-1 at p. 6]. Their argument is backed by a declaration from a local legal aid attorney, who states that his organization does not take Social Security cases of this kind. [*See* R. 19-6]. He goes on to state, "There are few attorneys who will take Social Security cases for Article III review in our region." [*Id.*].

The nature of these sorts of cases may involve a good deal of risk. Further, the possibility of a legal market failing to provide sufficient representation to claimants who are denied benefits is an important issue worthy of consideration. However, this Court must independently consider the reasonableness of the requested award and ensure that it is not "inordinately large." *See Rodriguez*, 865 F.2d at 746. In doing so, the Court reflects on the fact that aside from filing the case and reviewing occasional pleadings or documents, counsel devoted 15.8 hours to a motion for summary judgment, before the Commissioner moved, unopposed, for remand.  Therefore, the case did not involve extensive briefing on complicated and disputed issues of fact or law.

In determining whether a windfall has occurred, the Court also considers "the hypothetical hourly rate resulting from application of the agreement." *Amburgey v. Colvin*, No. CV 5:08-335-DCR, 2016 WL 28859611, at *2 (E.D. Ky. May 16, 2016). A hypothetical hourly rate less than twice the standard rate is *per se* reasonable. *Id.* (citing *Hayes*, 923 F.2d at 422). Conversely, a hypothetical hourly rate equal to or greater than twice the standard rate is only accorded the rebuttable presumption. *Id.* Under the rebuttable presumption analysis, "the Court should consider the difficulty of the case, the results achieved, whether the attorney was responsible for any delay, and other factors in determining whether the fee contemplated by the agreement is reasonable." *Id.* The hours that are considered are limited

to time spent on work done before the Court. *Id.* (citing *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).

   Plaintiff's counsel seeks a fee that would equate to an hourly rate of $1,078.78 per hour. The Court calculates this hypothetical hourly rate by dividing the contemplated fee amount of $24,056.75 by the hours spent before the Court. *See Hayes*, 923 F.2d at 422. Counsel posits that they spent 22.3 hours of work representing Plaintiff before this Court. [R. 19-11]. Plaintiff and Defendant previously entered into a Joint Stipulation for Award of Attorneys' Fees pursuant to the Equal Access to Justice Act (EAJA) at the agreed upon 22.3 hour total. [*See* R. 19]. The Court has no reason to doubt counsel's asserted number of hours. It follows that $24,056.75 divided by 22.3 hours equals a hypothetical hourly rate of $1,078.78.

   Counsel argues that the rate of $1,078.78 per hour is justified "given the risk to counsel and the high-quality representation [plaintiff] received." [R. 19-1 at p. 8]. Beyond this mere assertion, counsel does not clarify the risk undertaken given the relatively small number of hours necessarily devoted prior to unopposed remand.  However, counsel brings to the table an impressive body of work experience and expertise and can no doubt be considered to have rendered high-quality representation. [*See* R. 19-7, 19-8, 19-9]. However, counsel themselves admit that their regular hourly rate in federal court is $250.00 per hour. [*Id.*]. Further, this Court regularly calculates the standard rate for attorney's fees by relying on the statutory rate provided in the EAJA of $125.00 per hour. *See Amburgey*, 2016 WL 2859611, at *4; *See also Layne v. Colvin*, No. CV 5:13-363-DCR, 2016 WL 6174025, at *2 (E.D. Ky. September 2, 2015); 28 U.S.C. § 2412(d)(2)(A). Thus, counsel's sought-after rate of $1,078.78 per hour is over eight (8) times the standard rate, and four (4) times their own

hourly rate. Counsel argues that the full twenty-five percent (25%) award is not a windfall, but the Court cannot agree.

In the alternative to the full twenty-five percent (25%) award, counsel seeks an award of $11,150, which they represent is the "*per se* reasonable imputed hourly rate under *Hayes*." [R. 19-1 at p. 8]. Counsel states, "In *Hayes*, the Sixth Circuit held that a hypothetical hourly rate of less than twice the *attorney's* standard hourly rate is '*per se* reasonable.'" [*Id*.] (emphasis added). However, this assertion misstates the rule in *Hayes*. In *Hayes*, the Court held that a hypothetical hourly rate less than twice the standard rate is *per se* reasonable, but a hypothetical hourly rate equal to or greater than twice the standard rate is only accorded the rebuttable presumption. *Hayes*, 923 F.2d at 422. The critical difference comes down to which "standard rate" is being used in the calculation. As stated above, this Court routinely utilizes the EAJA statutory prescription of $125.00 per hour. Counsel's request for $11,150.00 equates to $500.00 per hour ($11,150.00 divided by 22.3 hours equals $500.00). In contrast, twice the standard rate using the EAJA standard would be $250.00 per hour (two (2) times the EAJA rate of $125.00). Thus, counsel's request is "greater than twice the standard rate," so it is only afforded a rebuttable presumption.

That said, this Court has previously found an imputed hourly rate of $500 per hour is reasonable and awarded fees in that amount. *See Hunt*, 2016 WL 3574398, at *2; *Amburgey*, 2016 WL 2859611, at *5. While it is not *per se* reasonable, counsel's request of $11,150.00 ($500.00 per hour) does reflect the difficulty of the work performed, the competency by which it was performed, and the success counsel achieved. Therefore, the Court will calculate the attorney's fees based on counsel's proposed award of $11,150.00.

Therefore, having considered the motion and being advised,

IT IS ORDERED that Plaintiff's motion [R. 19] is GRANTED IN PART and DENIED IN PART; Plaintiff's counsel shall be awarded $11,150.00 (less the EAJA fees of $2,787.50 previously awarded which must be refunded to Plaintiff):

1. Plaintiff's motion for an award of attorneys' fees in the amount of $24,056.75 is DENIED.

2. Plaintiff's motion to award $11,150.00 in attorneys' fees is GRANTED.

3. Plaintiff's attorneys are directed to refund to Plaintiff the EAJA fees of $2,787.50 previously awarded.

Signed February 19, 2021.

**Signed By:**

**_Edward B. Atkins_**  *EBA*

**United States Magistrate Judge**